UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
Mack Andino, *pro se*,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Petitioner,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　　　　**SUMMARY ORDER**
　　　　　　　-against-　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　　　　09-CV-336 (DLI)
United States of America,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Respondent.　　　　　　　　:
----------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se*[1] Petitioner Mack Andino filed this petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255. On January 19, 2006, petitioner pled guilty to one count of conspiracy to defraud an agency of the United States, namely the Internal Revenue Service ("IRS"), in violation of 18 U.S.C. § 286, and fourteen related counts. This court sentenced petitioner to 72 months of imprisonment and ordered him to pay restitution. Petitioner challenges his sentence, arguing that he received ineffective assistance of counsel in violation of the Sixth Amendment because his attorney failed to object to the restitution order. For the reasons set forth below, the petition is denied.

**I. Background**

As part of the charged conspiracy, petitioner created false W-2 forms and provided them to other individuals ("filers") who would file the returns at "walk in" tax preparation companies such as H&R Block and Jackson Hewitt. The filers would elect to receive refund anticipation loans. When the loan checks were ready, petitioner would accompany the filers to cash the checks. Petitioner would then permit the filers to keep a small percentage of the money; he

---

[1] In reviewing the petition, the court is mindful that, a *pro se* submission, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

would retain the balance of the funds. This court ordered petitioner to pay restitution to the IRS in the amount of $430,630 at a rate of $20 a month while in prison, and 25% of his gross disposable income upon release.

On direct appeal, petitioner challenged his conviction on the grounds that his sentence was erroneous because he unjustly received a four-level enhancement for his leadership role, his co-defendants received shorter sentences, and the court failed to consider his medical condition. The Second Circuit affirmed petitioner's conviction on May 15, 2008. On January 9, 2009, petitioner filed the instant petition.

## II. Discussion

### A. Petitioner May Not Challenge Restitution Order Through a §2255 Petition.

Petitioner does not challenge his sentence of imprisonment. He challenges only the restitution portion of his sentence and claims he received ineffective assistance of counsel with respect to the restitution order.

However, motions brought pursuant to §2255 may challenge only custody orders. Indeed, the Second Circuit has held that challenges to restitution orders are not cognizable under a §2255 motion to vacate. *See Kaminski v. United States*, 339 F.3d 84 (2d Cir. 2003). In *Kaminski,* the defendant was sentenced to a term of imprisonment and ordered to pay $21,180.00 in restitution. In a motion brought pursuant to §2255, petitioner challenged his sentence, including the restitution order. On appeal, the Second Circuit held that a defendant may not use §2255 to challenge noncustodial aspects of a sentence, such as restitution. *Id.* at 87.

*Kaminski* did leave open the possibility that a §2255 motion may nevertheless be appropriate where a petitioner alleges that a restitution order is so burdensome that it amounts to a restraint on his liberty. However, the petition before the court, like the petition in *Kaminski*,

does not amount to a restraint on liberty. In *Kaminski,* the restitution order the court found to be non-custodial was limited to monthly payments of the greater of ten percent of petitioner's monthly income or $100. The restitution order in the instant matter seeks payments in monthly installments of $20 a month while in prison, and 25% of Petitioner's gross disposable income upon release. Courts since *Kaminski* have consistently held that similar payments do not constitute restraint on a petitioner's liberty. *See, e.g.*, *Guylan v. Warden, F.C.C. Danbury,* 2010 WL 744520, at *2 (E.D.N.Y. Mar. 1, 2010); *Carnesi v. United States,* 2009 WL 3837948, at *2 (E.D.N.Y. Nov. 17, 2009); *Edwards v. United States,* 2007 WL 2325933, at *3 (E.D.N.Y. Aug. 1, 2007). The order issued against petitioner is not an undue restraint on petitioner's liberty and as such he may not bring a collateral challenge against the order pursuant to §2255.

The Court also notes that the fact that petitioner's claim is brought in terms of ineffective assistance of counsel does not alter the applicability of *Kaminski*. *See Cerome v. United States*, 2011 WL 128563 (E.D.N.Y. Jan. 14, 2011) (relying on *Kaminski* and rejecting petitioner's claim that counsel was ineffective for failing to object at sentencing to the restitution order). In sum, the court lacks jurisdiction to hear petitioner's claim.

**B. Petitioner's Claim of Ineffective Assistance of Counsel is Without Merit**

Even if the court had jurisdiction to hear petitioner's claim, the claim lacks merit. The court evaluates petitioner's claim under the framework set forth in *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984). "A defendant must first establish that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. If that burden is overcome, the petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[C]ounsel is strongly presumed to have rendered adequate

3

assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Petitioner asserts that counsel "never raised the issue of restitution at sentencing," and that he "will not be able to afford to give up 25% of (his) wages" upon release from prison. (Mot. at 5.) However, at sentencing, trial counsel expressly requested that the Court "reduce the 25% figure just a little bit." (Sent. Tr. at 25.) Counsel explained that petitioner would likely be "worse off physically . . . than when he went in," that he might go on disability, and that he would have a difficult time finding work. *Id.* Therefore, it is clear that counsel objected to the restitution order and that counsel's representation did not fall below an objective standard of reasonableness.

Petitioner also fails to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The result of the sentencing proceeding would not have been any different because counsel did raise a restitution objection to the restitution ruling at the time of sentencing, and yet the court still imposed the order. Moreover, Petitioner fails to show that the restitution order was erroneous. Restitution must be ordered for "the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664 (f)(1)(A). Here, the actual loss to the IRS in the form of claims paid was $430,630—the amount of the restitution order. (*See* PSR ¶¶ 2, 5, 8, 67.) Therefore, it is clear that Petitioner was not prejudiced.

In sum, it is clear that counsel rendered adequate assistance and that petitioner's claim has no merit.

### III. Conclusion

For the reasons set forth above, petitioner's request for relief pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel is denied in its entirety. Petitioner is further denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 20, 2011

/s/
DORA L. IRIZARRY
United States District Judge